IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 OCT -7 PM 3:50
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

| | | |
|---|---|---|
| HEATHER CLARK, DAVID CLAXTON, | § | |
| AND DAVID M. COMPTON, | § | |
| PLAINTIFFS, | § | CAUSE NO. A-10-CV-869-LY |
| | § | |
| V. | § | |
| | § | |
| WILLIAMSON COUNTY, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S REQUEST TO REMOVE STAY AND AMENDMENT FOR ENTRY OF BILL OF COSTS

Before the Court are Defendant's Request to Remove Stay and Amendment for Entry of Bill of Costs filed August 30, 2013 (Doc. #75) and Plaintiffs' Objections and Response to Defendant's Amended Bill of Costs filed September 3, 2013 (Doc. #78).

*Background*

On May 17, 2012, the court rendered an order granting Defendant's motion for summary judgment, denying Plaintiffs' cross motions for partial summary judgment, and dismissing all of Plaintiffs' claims against Defendant (Doc. #61). On May 29, 2012, the court rendered an Amended Final Judgment dismissing all claims asserted by Plaintiffs on behalf of themselves and others similarly situated and awarding all costs to Defendant (Doc. #65). Defendant filed a Bill of Costs on May 30, 2012 (Doc. #66). Plaintiffs subsequently appealed the judgment, and on June 11, 2012, the court granted Plaintiffs' unopposed stay of order awarding costs pending resolution on appeal (Doc. #70). On August 19, 2013, the judgment of this court was affirmed by the United States Court of Appeals for the Fifth Circuit.

Defendant requests the court to lift the stay and consider its bill of costs seeking $4,350.57. Plaintiffs have objected to the motion. After considering same, **IT IS ORDERED** that Defendant's Request to Remove Stay filed August 30, 2013 (Doc. #75) is **GRANTED**, the stay imposed by this court's order of June 11, 2012 (Doc. #70) is **LIFTED**, and the court will consider Plaintiffs' objections to Defendant's amended Bill of Costs.

## *Amount of costs*

A district court generally has wide discretion in awarding costs; however, this discretion is not unfettered. See *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The Court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. See *Crawford*, 482 U.S. at 441–42; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

Moreover, "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (quoted in *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995)). The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was necessarily obtained for use in the case. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Casarez v. Val Verde County*, 27 F. Supp. 2d 749, 751 (W.D. Tex. 1998). This is a factual determination to be made by the district court. *See Fogleman*, 920 F.2d at 285–86. Only when a clear abuse of discretion is shown can an award of costs be overturned. *See United Teacher Assoc. Ins. Co. v. Union Labor Life Ins.*, 414 F.3d 558, 574 (5th Cir. 2005); *Coats*, 5 F.3d at 891; *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978).

Defendant's amended Bill of Costs, includes: (1) $3,705.45 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case;" and (2) $645.12 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;" totaling $4,350.57.

***Transcripts***

Defendant seeks $3,705.45 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Specifically, Defendants seek:

- $769.65 for deposition transcript of Heather Clark,
- $1,172 for deposition transcript of David Claxton,
- $801.55 for the deposition transcript of David Compton,
- $279.75 for the deposition transcript of Kenny Schnell,
- $215.30 for the deposition transcript of John Sneed,

3

- $467.20 for court reporter's transcript and transcript fee for appeal.

Plaintiffs first object to Defendant's request for transcript costs and fees for appeal totaling $467.20, noting that the Fifth Circuit's Judgment ordered that each party bear its own costs on appeal. Therefore, the court will sustain Plaintiffs' objection and disallow $467.20 for transcript costs and fees for appeal.

Plaintiffs further object to the total costs associated with deposition fees requested by Defendant, arguing that the total erroneously includes $363.85 in costs for expedited delivery of the depositions, $210 for e-transcripts, and $61.05 in tabs for the deposition. To recover expedited delivery costs, the Fifth Circuit requires a showing of either prior court approval or necessity. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Defendants has made neither showing. Therefore, the court will sustain Plaintiffs' objection and disallow $363.85 in costs for expedited delivery of the depositions.

In addition, incidental costs associated with depositions are not recoverable as costs. *See* 28 U.S.C. § 1920; *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007). Therefore, the court will sustain Plaintiffs' objection and disallow $210 for e-transcripts and $61.05 in tabs for the depositions. Accordingly, the court will allow a total of $2,603.35 in costs for transcripts.

*III. Conclusion*

The court offers the following summary of the taxable costs allowed.

**Defendant's Amended Bill of Costs**

| Costs | Amount Sought | Amount Allowed |
|---|---|---|
| Fees for court reporter –deposition transcripts | $3,705.45 | $2,603.35 |
| Fees for copies | $645.12 | $645.12 |
| Total | $4,350.57 | $3,248.47 |

**IT IS ORDERED** that Plaintiffs' Objections and Response and Objections to Defendant's Amended Bill of Costs filed September 3, 2013 (Doc. #78) are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Defendant's Amendment for Entry of Bill of Costs filed August 30, 2013 (Doc. #75) is **GRANTED** only to the extent set forth herein. In all other respects, it is **DENIED**.

SIGNED this 7th day of October, 2013.

```
_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE
```